Per Curiam.

Did the trial court abuse its discretion and invade the province of the jury by setting aside the verdict and granting a new trial?
Where a new trial is granted, no judgment is substituted for one on a verdict of a jury, but simply another trial must be had, and thus there is no substitution of the finding of the court for that of the jury.
A motion for a new trial with reference to the weight or sufficiency of the evidence is addressed to the sound discretion of the trial court and imposes upon that court a duty to review the evidence and pass upon the credibility of witnesses. In *425 order to reverse the action of the trial court in granting a new trial on such a motion, it is necessary to show an abuse of dis-cretion upon its part.
Since an examination of the record in the instant case fails to disclose any unreasonable, arbitrary or unconscionable attitude on the part of the trial court in sustaining the motion for a new trial, the Court of Appeals was in error in reversing the judgment.
The judgment of the Court of Appeals is, therefore, reversed on authority of Poske v. Mergl, 169 Ohio St., 70, and the judgment of the trial court is affirmed.

Judgment reversed.

Zimmerman, acting C. J., Taft, Matthias, Bell, Herbert and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.